Bland, Chancellor.
The petition of Warner Welch and Rachel his wife having been submitted without argument, the proceedings were read and considered.
The object of the bill is to have the land sold for the payment of the purchase money due to the plaintiff; his claim therefore carries with it an equitable lien upon the land sold, which entitles him to a preference in satisfaction from the proceeds of the sale over all others; and consequently, the petitioner Rachel, according to the act of assembly, (a) can only be endowed of the equitable interest of her late husband, without prejudice to the plaintiff’s claim; that is, of the surplus which may remain after that claim has been satisfied. But as it does not appear what is the amount of the surplus, if any;
It is therefore Ordered, that this case be and the' same is hereby referred to the auditor with directions to state’ an account accordingly, allowing to- the said Rachel out of such surplus, if any, two-thirteenths for and in lieu of her dower in the equitable interest held by her late husband in the lands in the proceedings mentioned.
After which, ort the 29th of June, 1829, the auditor reported a statement distributing the proceeds, first in payment of the costs, commissions and expenses, next in satisfaction of the plaintiff’s claim in full; and then the balance or surplus among the widow and heirs of the deceased. But the auditor suggested, that no notice appeared to have been given to the creditors of the deceased to exhibit their claims against the estate, as there should have been before any part of the balance was paid over to the heirs.
6th July, 1829.
Bland, Chancellor.
This case having been submitted on the auditor’s report without argument, the proceedings were read and considered.
The plaintiff founds his claim to relief on an equitable, or vendor’s lien upon the real estate designated in the proceedings. He is here, in effect, as a mortgagee seeking relief against a mortgagor; but as a mortgagee, or the holder of an equitable lien has no common interest with the’ general creditors of the debtor, he cannot in bis and on their behalf institute a creditors’ suit. (b) Although this bill alleges, ‘that the personal estate of the intestate will be greatly insufficient to pay his debts;’ yet the plaintiff does *245 not claim as one having a common interest with the other creditors of Nicholas Welch, deceased ; or as one who was only entitled to obtain immediate satisfaction here out of his real estate in the hands of his infant heirs, upon the ground that his personal estate was insufficient or had been exhausted. There is, therefore, nothing in the pleadings, as they stand, which shews this to be a creditor’s bill under which all the other creditors of the deceased should be notified to bring in their claims.
It is true, that this might have been converted into a creditor’s suit; and that this surplus distributed among these heirs, exclusive of the widow’s share, might, before it was paid over to them, have been thus intercepted for the benefit of the general creditors of the deceased. But that could only have been done at the instance and on the petition of a creditor having a common interest with others, and on the ground of the insufficiency of the personal estate of the deceased ; (c) or on the application of one, who, from the peril in which he stood, had a right to be substituted for, and to be considered as such a creditor. As where an executor or administrator, who had paid away all the personal assets, was actually sued, and against whom judgment was likely soon to be recovered by a creditor of the deceased, petitioned to have the surplus applied to the satisfaction of such claims to which he was in danger of being made liable; (d) or where a judgment had been obtained against the surety in a bond, such surety, before he had paid any part of the debt was allowed to sustain a creditor’s suit here, on the ground of the insufficiency of the personalty, and to have the real estate of the deceased debtor sold for the satisfaction of his creditors, so as, in whole or in part, to save such surety harmless, (e)
*246 But in this case there is no creditor before the court, having a common interest with others, and resting his claim to relief on the ground of the insufficiency of the personal assets of the deceased; nor any one who can have any pretence whatever to he considered as having a right to be substituted for such a creditor. The prayer or recommendation of the administrator Joshua Warfield introduces to the court no such party; and the suggestion of the auditor is altogether unauthorized.
Whereupon it is Ordered, that the statement as made and reported by the auditor be and the same is hereby ratified and confirmed, and the trustee is directed to apply the proceeds accord *247 ingly, with a due proportion of interest that has been or may be received.
William Gaither and Joshua Warfield, for themselves and in behalf of the other creditors of Nicholas Welch, deceased, on the 25th of August, 1829, filed their petition in this case, in which they stated, that the late Nicholas Welch, being indebted to Gaither, died leaving real and personal estate; that administration having been granted on the personal estate of the late Nicholas to the petitioner Joshua Warfield, he, Gaither, sued Joshua, and obtained an absolute judgment against him; and that Joshua being also the surety of the late Nicholas, he, Gaither, had moreover sued and obtained a judgment against him on that ground. Upon which it was prayed that the petitioners might be allowed to come in as creditors, &c.
26th August, 1829.
Bland, Chancellor.
The case with this petition having been submitted without remark the proceedings were read and considered.
It is admitted, that the judgments which this petitioning creditor Gaither recovered against the administrator of the late Nicholas Welch were absolute. This admission is alone sufficient to preclude him from any claim upon the real assets in the hands of the heirs of the deceased debtor; because, such judgments are conclusive evidence of a sufficiency of personal assets in the hands of the administrator to satisfy the claim. And that too as well between such creditor and the heirs of the deceased debtor, as between such creditor and the administrator of the deceased debtor. Because, if, notwithstanding such a judgment, the creditor were allowed to recover against the heir, leaving the judgment as against the administrator unimpeached, and it surely cannot be revised, impaired, or reversed in a court of equity, then the judgment standing as conclusive evidence against the administrator of a sufficiency of assets, the heir must be allowed, according to the doctrine of substitution, to take the place of such creditor, and to reimburse himself by proceeding upon the judgment against the administrator, (f) Which would be, in effect, to compel the parties to have recourse to a singular circuity of remedy; or to divest a judgment of some of its legal consequences; or to deter *248 mine, that a judgment should have one kind of operation at law, and another in equity; or to hold that a plaintiff might, when it suited his purpose, and in some courts, insist, that a judgment, which he, himself, had caused to be entered up, should be deemed conclusive evidence of a fact; and yet that he might be permitted, for other purposes and upon other occasions, to insist that it should not stand in the way so as to prevent him, for his own benefit, from proving the non-existence of the very fact, of which he himself had voluntarily received it as the most satisfactory and conclusive evidence, (g) Equity follows the law, and in no respect with more satisfaction than in avoiding anomalies and incongruities. And besides, if the petitioner Gaither, had intended to controvert the fact of the sufficiency of the personal assets, he should have filed his hill here for the recovery of his claim; but, by suing at law, he tacitly waived that right, as against the heirs, unless a deficiency should be relied on and sustained as a defence by the administrator; and he is now precluded from doing so, by the nature of the judgments he himself has voluntarily sued for and •obtained.
The other petitioner Warfield, as the surety of the late JYicholas Welch, might have filed a bill here against his heirs, on the ground of the insufficiency of his personal estate, to charge the realty with an indemnity to himself, Warfield, before he had paid the debt; also in behalf of the other creditors of the late JYicholas Welch; but having failed to do so, and having submitted to an absolute judgment against himself, as administrator of his principal, he can now have no such claim to relief. (h)
Whereupon it is Ordered, that the said petition be and the same is hereby dismissed with costs.
On the 6th of November, 1829, William Gaither and Joshua Warfield, for themselves and in behalf of the other creditors of the late JYicholas Welch, filed their petition in this case, in which they again stated the same facts which they had set forth in their former petition, and that those absolute judgments had been improvidently rendered, the personal estate of the deceased being then wholly insufficient to satisfy the claims against it; • and that the petitioner Welch believed, that they would bind only a proportion *249 of assets in his hands ; and, under that impression, he had made a distribution of them accordingly: that those judgments should be revised and reformed; or, at least, that dividends of the real estate should be paid equal in amount to the personal estate paid after their rendition in discharge of other claims. And further, the petitioner Warfield alleged, that he himself was a creditor of his intestate to a large amount. Whereupon it was prayed, that the surplus might be applied in payment of all just claims against the estate of the late Nicholas Welch.
9th November, 1829.
Bland, Chancellor.
The case on this petition having been submitted without argument, the proceedings were read and considered.
These petitioners Gaither and Warfield, presented their claim by a petition filed on the 25th of August last, which was disposed of by the order of the 26th of the same month; and feeling still satisfied with the correctness of that order, it will be only necessary now to say why I deem the new matter with which the claim is by this petition connected, must be deemed altogether unavailable.
The petitioner Warfield states, that the judgments were rendered improvidently and from ignorance, on his part, of their legal effect and operation. If ignorance of law, to this extent, were to be considered as a sufficient foundation for a Court of Equity to interfere, there are few judgments of any court of common law, which a Court of Chancery might not be called upon to revise and reform. But this court can, in no case, revise or reform a judgment of a court of common law in any respect whatever; and there are no such special circumstances of fraud, surprise, or mistake set forth in this petition, as can give this court jurisdiction to grant relief against those who, as heirs, creditors or parties may have a right to avail themselves of the effect and operation of the absolute judgments obtained against the petitioner Warfield, as the administrator of the late Nicholas Welch, (i) And, therefore, upon this ground, and for the reasons given in the order of the 26th of August last, this claim must be again rejected.
But the petitioner Warfield states, that he himself is a creditor of his intestate. If so, it is perfectly well settled, that he might have, at once, retained and applied of the assets, which came to his hands, so much as was sufficient to satisfy his own claim; (j) and having this well known legal right, it must be presumed, that *250 he hád so retained to that amount; because, the absolute judgments against him were a tacit and conclusive admission, that he had assets sufficient to satisfy that as well as his own claim, which could only be satisfied by retainer in whole or in due proportion with others for which, suit might be brought. And since he made no defence on the ground of an insufficiency of assets to satisfy his own claim as well as that for which the suits were brought, those absolute judgments must be considered as alike conclusive evidence of a sufficiency of assets to satisfy both of them.
Whereupon it is Ordered, that the said petition be and the same is hereby dismissed with costs.
See this case, under the name of Gaither & Warfield v. Welch’s Estate, reported in 3 G. & J. 259.

 1818, ch. 193, s. 10.

 Burney v. Morgan, 1 Cond. Chan. Rep. 183.

 Latimer v. Hanson, 1 Bland, 51; Fenwick v. Laughlin, 1 Bland, 474.

 O’Brien v. Bennet, 1 Bland, 86, note.

 Arthur v. The Attorney-General. — This bill, filed on the 9th of December, 1800, by James Arthur and Daniel Perkins, states, that the late William Biggs died, leaving no known heirs; that the plaintifTPerkins, had administered on his personal estate, which was insufficient to pay his debts; that he left real-estate for which an escheat warrant had been taken out, which the plaintiffs had caveated, (1785, ch.78;) that the plaintiffs were bound as sureties of the deceased, and the debt not having been paid, they were still liable as such; and that a suit Bad been brought and a judgment at law obtained against the plaintiff Perkins. Whereupon, it was prayed, that the real estate might be sold to pay his debts; that his heirs, if any there were, might be notified, .and that a subpoena might be issued to the attorney-general; (1785, ch. 78; 1794, ch. 60, s. 6.)
Elizabeth Hopkins and Joseph George, the obligees, to whom the plaintiffs were bound as sureties for Biggs, were not made partiesnor was Charles Hackett, who *246 had taken out the escheat warrant, made a party; but It appears, that on the same day the bill was filed, Hackett filed a petition, praying that he might be permitted to perfect bis title; which, however, does not appear to have been in any way noticed by the Chancellor.
An order of publication was passed as required by the act of 1794, ch. 60, s. 6, and published accordingly: and the attorney-general having been served with a subpcena, appeared and answered. Upon which the case was submitted, and on the 8th of January, 1803, a decree for a sale in the usual form was passed, which directed notice to be given to the creditors of the deceased to bring in their claims, and a sale was made and reported accordingly.
7ih June, 1804. — Hanson, Chancellor. — Ordered, that the sale made by James Houston, as stated in his report, of the real estate of William Biggs, be absolutely ratified and confirmed; several of the creditors of the said Biggs having by writing, expressed their approbation of the said rule. Ordered, likewise, that the said trustee, for his whole trouble and expense incurred in the execution of his trust, be allowed the sum of 4337 10s. Od. Let the auditor of this court state the application of the money arising from the said sale, allowing the said commission and costs of suit, to be taxed by the register.
Under the notice to creditors to bring in their claims, Elizabeth Hopkins and Joseph George, with nineteen others, brought in their claims; amongst whom the auditor made and reported a distribution of the proceeds of the sale, as directed. The act of 1785, ch. 78, directs, in cases of this kind, that if the proceeds of the sale be ‘not sufficient to pay the whole debts, the money arising from such sale to be equally distributed among the creditors in proportion to their debts, without any preference.’
7ih September, 1805. — Hanson, Chancellor. — Ordered, that the principal money arising from the sale of the real estate of William Biggs, be applied according to the auditor’s statement; and that the receipt in writing, of any person entitled agreeably to the said statement, shall be admitted, .so far as the said person is entitled, in the room of so much money directed to be brought in by the original decree — and that any money paid or to be paid by the purchaser for interest, shall be divided in due proportion, amongst the persons entitled, agreeably to the said statement, to the principal.
Each creditor obtained his dividend of the proceeds of sale as of course, leaving a balance still due to Hopkins and George, for which the plaintiffs were liable to them as sureties.

 Clifton v. Burt, 1 P. Will. 680; Edwards v. Countess Warwick, 2 P. Will. 175.

 Dorsey v. Hammond, 1 Bland, 472.

 Arthur v. The Attorney-General, ante 245, note.

 Robinson v. Bell, 2 Vern. 146.

 1798, ch. 101, sub ch. 8, s. 19.